UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

CARLINE SMITH,

    Plaintiff,

Vs.

GRAND BANK & TRUST OF FLORIDA,

    Defendant,

_____/



## WALDMAN FELUREN HILDEBRANDT & TRIGOBOFF, P.A.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S VERIFIED MOTION FOR SANCTIONS, ETC.

COMES NOW Non-party, Waldman Feluren Hildebrandt & Trigoboff, P.A. (the "Firm"), and responds in opposition to Defendant's Verified Motion for Sanctions, etc., dated August 17, 2004 (the "Motion") [DE #36], as follows:

### Fed. R. Civ. P. 11

The sole issue in this Memorandum of Law is whether the Firm may or should be responsible for sanctions in favor of Defendant, Grand Bank & Trust of Florida, because it unilaterally maintains that the underlying lawsuit filed against it by Scott Behren, Esq., on behalf of his client, Carline Smith, had no legal or factual support. As a threshold matter, the Motion is premature and not ripe for adjudication because the Magistrate Judge and/or the District Court, as the case may be, has not determined that the underlying lawsuit was,

1

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

indeed, unsupported legally or factually.

Second, the Motion (at page 4, ¶13 thereof) sought reimbursement of attorneys' fees and expenses primarily under *Fed. R. Civ. P.* 11.[1] The Motion, *Id.*, claims that ". . . Defendant has provided Plaintiff with 21 days advance notice and a copy of this Motion and accompanying memorandum of law and Plaintiff has not withdrawn her Complaint." The accompanying memorandum of law [DE #39] alleges the delivery of three (3) Rule 11 notices (at page 6 thereof), but two of the notices were prior to the suit having been filed by Mr. Behren on April 12, 2004 [DE #1]. Notably, none of the three purported notices were compliant with the mandatory requirements of Rule 11.[2]

---

[1] The 1993 Amendment to Rule 11 removed the restriction of the former Rule which did not permit sanctions against a law firm of an attorney signing a groundless complaint. *Cf., Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 129 (1989). However, the current Rule does not provide for automatic liability of a law firm where an attorney employed by or associated with the firm runs afoul of the Rule's requirements. Indeed, subdivision(c) of the Rule reflects that the imposition of sanctions is discretionary, not mandatory. *Fed. R. Civ. P.* 11(c) (". . . the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.").

Further, the Advisory Committee Notes to the Rule provide, in part, that "[w]hen appropriate, the court can make an additional inquiry in order to determine whether the sanction should be imposed on such persons, firms, or parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court." *See also, Religious Technology Center v. Gerbode*, 1994 WL 228607 (C.D.Cal.) ("Both amended Rule 11(c)(2) and the Advisory Committee's Notes which accompany the December 1, 1993, amendment indicate that attorney's fees should not automatically be imposed for a Rule 11 violation and that the court should explore the adequacy of non-monetary sanctions as an effective deterrent."). What can be a more effective deterrent of solution than the Firm's erstwhile discharge of Mr. Behren?

[2] *See, Brickwood Contractors v. Datanet Engineering*, 369 F.3d 385, 389 (4th Cir. 2004) (*en banc*) ("...failure to comply with the procedural requirements precludes the imposition of the requested sanctions."). In this case, the Firm was undeniably not afforded the 21-day "safe harbor" period, and Defendant never attached a motion to its purported 21-day notices. *Id.* at 389 ("The requirements of the rule are straightforward: the party seeking sanctions must serve the Rule

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

The first such "notice," a March 1, 2004, one-page letter from Defendant's counsel, Christine D. Hanley, to Mr. Behren did not mention, at all, Rule 11, a frivolous claim by Ms. Smith or Mr. Behren, or sanctions. Instead, it offered money to settle the case. The second such "notice," a March 2, 2004 letter from Defendant's counsel, Christine D. Hanley, to Mr. Behren, again did not mention Rule 11, a frivolous claim or sanctions. The third such "notice," a July 14, 2004 letter from Defendant's counsel, Christine D. Hanley, to Mr. Behren also did not mention the threat of Rule 11 or sanctions. In fact, it failed (as did the prior letters) to attach a motion for sanctions under *Fed. R. Civ. P.* 11(c)(1)(A), and failed to provide 21 days after service of the non-existent motion for sanctions within which to act upon the demand. As this Court knows, and as Ms. Hanley admitted in open Court on Wednesday, January 19, 2005, the Firm was discharged on or shortly after July 30, 2004 and could not have, in any event, acted upon any request or demand of hers within 21 days of July 14, 2004.[3] *Boler v. Space Gateway Support Company, LLC*, 290 F. Supp. 2d 1272 (M.D. Fla. 2003) (twenty-one day "safe harbor" provision constitutes condition precedent to sanctions under Rule 11). Under these circumstances, the Motion must be

---

11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion.") (*additional citations omitted*); *see also, The Cincinnati Ins. Co. v. Dynamic Develop-Group, LLC*, 336 F. Supp. 2d 552, 568 (M.D. N.C. 2004) (*same*); and, *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299 (E.D. Va. 2004) (*same*).

[3] As explicated in the Firm's September 21, 2004 Response to Defendant's Verified Motion for Sanctions, etc. [DE #50], immediately after being discharged by Plaintiff, Mr. Behren substituted for the Firm in this action (*see* Exhibits "A" and "B" thereto). Further, Plaintiff instructed the Firm to deliver the entirety of her legal file to Mr. Behren (*see* Exhibit "C" thereto). Before then, Mr. Behren unilaterally removed Plaintiff's complete file from the office of the Firm (on Sunday, August 1, 2004).

3

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

denied.[4]

## 28 U.S.C. §1927

Defendant's August 17, 2004 Memorandum of Law in Support of its Verified Motion for Sanctions [DE #39] which accompanied the Motion apparently seeks sanctions or fees under 28 U.S.C. §1927 specifically because, after Defendant moved for summary judgment on August 9, 2004 [DE #22], Mr. Behren - - then a sole practitioner and no longer associated with the Firm - - ". . . sought leave to engage in unnecessary discovery before responding to Defendant's Motion [for Summary Judgment]" [DE #39, page 10]. Having been discharged by Plaintiff before Defendant's Motion for Summary Judgment was even filed [DE #50, exhibits, *passim*], the Firm could do absolutely nothing to "multiply the proceedings." 28 U.S.C. §1927.

And, because "[t]he Eleventh Circuit has held that the provisions of §1927, being

---

[4] At Footnote 2 and the accompanying text of Defendant's January 24, 2005 Memorandum of Law, etc., Defendant's counsel swipes at the Firm by speciously contending (without supporting authority) that the Firm's liability automatically attaches because it paid the filing fee when Plaintif's Complaint was filed by Mr. Behren. It cannot be gainsaid that the advancing of a filing fee is not an action begetting strict liability.

At Footnote 3 of Defendant's January 24, 2005 Memorandum of Law, etc., Defendant's counsel takes liberty with the facts as she, by now, must know them. For example, one of the Firm's principals, Glenn J. Waldman, Esq., represented to the Magistrate Judge on January 19, 2005 that he does not know the Plaintiff. Defendant's counsel, Ms. Hanley, in turn, seeks to mislead the Magistrate Judge by suggesting that Mr. Waldman does know her because he notarized her Affidavit in this action more than seven (7) months ago. In the notarization section of the Affidavit, it is indicated that Ms. Smith is not personally known to Mr. Waldman; instead, because she was not known to Mr. Waldman, she was required to produce her Florida Driver's License as proof of who she was. Further, Mr. Waldman did not represent to the Magistrate Judge on January 19, 2005, that he ". . . had no idea that Scott Behren ever represented [the Plaintiff] in this matter." Rather, Mr. Waldman represented that no lawyer in the Firm other than its independent contractor, Mr. Behren, had met with, or rendered legal services to, her.

4

penal in nature, must be strictly construed," *Donald Hanft, M.D., P.A. v. Church*, 2003 WL 23812512 (S.D. Fla.) (slip copy), *citing, Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997), the Motion must also fail. That is so because ". . . the wording of §1927 and the reasoning in *Pavelic*, **sanctions under §1927 may not be imposed on law firms**." *Sangui Biotech International, Inc. v. Kappes*, 179 F.Supp.2d 1240 (D. Colorado 2002) (*e.s.*).[5]

Defendant's assertion that §1927 is applicable to the Firm[6] pursuant to such Florida decisions as *Avirgan v. Hull*, 125 F.R.D. 189 (S.D. Fla. 1989) and *Norelus v. Denny's, Inc.*, 2000 WL 33541630 (S.D. Fla.) is misplaced. In *Avirgan*, the court simultaneously awarded attorneys' fees under both §1927 and Rule 11. No deep analysis of the standards pertinent to each was undertaken by the court in its cursory two-page opinion. It is clear, however, from the opinion that the lead counsel (Daniel Sheehan) and his "law firm" (the "Christic Institute" of which he was the "General Counsel") were both found to have acted on behalf of the plaintiffs throughout the action. In fact, the court specifically noted that the Institute's ". . . attorneys carried out Mr. Sheehan's litigation strategy, and willingly participated in the litigation tactics." In this case, there is no evidence that any of the Firm's

---

[5] The Colorado District Court further reasoned, *Id.* at 1245, that:

> Section 1927's wording specifically limits its application to "attorneys." Furthermore, the statute indicates that an attorney may be required to "satisfy personally" any award. Additionally, the reasoning of *Pavelic* supports the conclusion that the duties imposed by §1927 are not delegable.

[6] *See* Defendant's January 24, 2005 Memorandum of Law, at page 3.

5

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

employees willingly participated, directly or indirectly, in any action or advice with Mr. Behren. Similarly, in *Norelus*, even Defendant here concedes (Defendant's January 24, 2005 Memorandum of Law, page 1) that the Norelus-case lawyers and the law firm ". . . acknowledge[d] their legal responsibility for all aspects of the case to the exclusion of their associates." Again, that admission is not present in this case.[7]

Even if §1927 sanctions were available against the Firm (which they are not),[8] "[s]omething more than a lack of merit is required to award §1927 sanctions." *Hanft, supra, citing, McMahan v. Toto*, 256 Fed.3d 1120, 1129 (11th Cir. 2001).[9] Three essential requirements must be satisfied before sanctions are awarded under this section: 1) the attorney must engage in unreasonable and vexatious conduct; 2) that conduct must multiply the proceedings; and 3) the dollar amount of the sanction must not exceed the costs, expenses and attorney's fees reasonably incurred because of such conduct.[10] *Id.*

---

[7] Defendant also relies upon *Stuart I. Levin & Associates, P.A. v. Rogers*, 156 F.3d 1135 (11th Cir. 1998) which, too, is entirely distinguishable. That case involved neither the imposition of sanctions under Rule 11, nor under §1927. Rather, the conduct and the analysis arose solely under alleged discovery abuses and violations of *Fed. R. Civ. P.* 37(b)(2). In this case, Defendant does not contend that Plaintiff or Mr. Behren engaged in abuse of process or discovery as a distinct basis for sanctions.

[8] The Firm insists that §1927 is inapplicable to it (and only applicable to Mr. Behren, personally) because it provides that any attorney (not law firm) ". . . may be required by the court to satisfy *personally* the excess costs, expenses, and attorneys' fees reasonably incurred because of such [unreasonable and vexatious] conduct." (*e.s.*)

[9] In *Hanft*, United States District Judge Lenard noted that Dr. Hanft did not adequately include his request for §1927 fees in his motion. For that reason, and taking into account the totality of the circumstances in the case, Judge Lenard adopted the Magistrate Judge's recommendation that Dr. Hanft's motion for fees be denied.

[10] As argued to this Court on Wednesday, January 26, 2005, between the date of filing the Complaint [DE #1] on April 12, 2004, and the date that Mr. Behren departed the Firm (i.e. July

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

The plain statutory language of §1927 makes clear that this section is not a "catch all" provision for sanctioning objectionable conduct by counsel. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (attorneys' pursuit, on behalf of Ecuadorian Nationals of personal injury and wrongful death claims referred to them by lawyer licensed to practice in Ecuador was not in "bad faith," as required to support award of sanctions against attorneys for unreasonably and vexatiously multiplying proceedings), *citing Peterson, supra*, at 1396. "Bad faith" is the touchstone. Section 1927 is not about mere negligence. *Id.* (*additional citations omitted*). Defendant can point to no "bad faith" occasioned by the Firm before, and certainly not after, August 9, 2004; thus, the motion should be denied.

### Inherent Power To Sanction Bad Faith Misconduct

A federal court, admittedly, may exercise its inherent power to sanction bad faith misconduct even if that conduct could otherwise be sanctioned under a statute or a procedural rule. *Footman v. Cheung*, 341 F.Supp.2d 1218 (M.D. Fla. 2004), *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). However,

---

30, 2004), he recorded approximately 21 hours of time for his legal services to Plaintiff. Defendant's counsel, on the other hand, filed a startling "Declaration of Laura L. Mall, Esquire in Support of Motion for Sanctions" [DE #37] demanding remuneration for 252.74 hours for attorneys' services (totaling $51,545.75 at a blended rate in excess of $200.00 per hour) and an additional 5.9 hours for legal assistants (totaling $442.50). The Firm suggests that Defendant's attorneys' claim for hours – more than 12 times the number of hours expended by Mr. Behren – is, *per se*, vexatious and made in bad faith. R. Regulating Fla. Bar. 4-1.5 (a)(an attorney may not seek to collect a clearly excessive fee). This is particularly so, where, as here, Defendant viewed the case as frivolous from the outset and requiring no substantial investigation or analysis. Even under Rule 11, ". . . the primary purpose . . . [of] sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Cargile v. Viacom International, Inc.*, 282 F.Supp.2d 1316, 1320 (N.D. Fla. 2003), *citing Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994).

as recently noted in *Footman, Id.* at 1223, ". . . when bad faith conduct in the course of litigation could be adequately sanctioned under the rules, the court ordinarily should rely on the rules and not on its inherent power."[11] Because Rule 11 and §1927 do not afford Defendant a remedy in this case, the Court should, respectfully, not exercise its "inherent powers" to consider sanctioning the Firm. *Accord, Boler, supra.* At 1285-1286 ("The Court ordinarily relies on the Federal Rules of Civil Procedure - - such as Rule 11 - - to sanction bad faith conduct in the course of litigation." "SGS [Defendant] has not shown adequate reason for the court to now resort to inherent its power.").

WHEREFORE, Waldman Feluren Hildebrandt & Trigoboff, P.A. prays that this Court enter an Order denying Defendant's Motion in all respects. Further, the Court is requested to consider awarding to the Firm reimbursement of its own time/fees in connection with the defense of the Motion. *Fed. R. Civ. P.* 11(c)(1) ("...the court may award to the prevailing party on the motion the reasonable expenses and attorney's fees incurred in...opposing the motion.").

### Certificate Of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

---

[11] *Chambers,* also cited by Defendant, states that the district court may award attorneys' fees when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." 501 U.S. at 44-46. But, as noted in *Footman,* there is little case law in the Eleventh Circuit articulating the standards applicable to an award of attorneys' fees under §1927, and while decisions from other circuits are not in agreement on the governing principles, some circuits have held that subjective bad faith is required for an award under §1927. *Id.* at 1222. While the Eleventh Circuit has not, to date, specifically required a finding of subjective bad faith, it has stated that §1927 allows district courts to assess attorneys' fees against counsel who willfully abuse the system by "conduct tantamount to bad faith." *Id., citing Avirgan, supra (additional citations omitted).*

CASE NO.:04-80343-CIV-HURLEY/HOPKINS

furnished via facsimile and U.S. Mail to: Christine D. Hanley, Attorney-at-Law, Christine D. Hanley & Associates, P.A., 1000 Southern Boulevard, 2nd Floor, West Palm Beach, FL 33405; and by mail only to Carline Smith, 1606 42nd Street, West Palm Beach, FL 33407; and Scott M. Behren, Esq., 2853 Executive Park Drive, Suite 103, Weston, FL 33326 on this __27th__ day of January, 2005.

        WALDMAN FELUREN HILDEBRANDT
          &amp; TRIGOBOFF, P.A.
        2200 North Commerce Parkway, Suite 202
        Weston, Florida 33326
        Telephone: (954) 467-8600

        By: _____
          Glenn J. Waldman
          Fla. Bar No. 374113